## KENZIG v CIBULA

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided April 14, 1930

J. W. Kulka, Cleveland, for plaintiff in error.

Fred E. Bruml, Cleveland, for defendant in error.

VICKERY, PJ.

The only question then is, Was the judgment against Mrs. Kenzig for $400 right in this case?

Several errors are urged as to why this judgment should not be sustained, but we think they are unavailing. A suit was brought on a contract. We think that the plaintiff had performed his contract; he had brought these parties together, and had them enter a binding contract, and the only reason why the conveyance was not made was because of the default of Mary Kenzig, the defendant in this action, and so, if there was not a full performance of the contract, it was because the action of Mary Kenzig made it impossible to perform. There was no way that the real estate man could either bring a suit for specific performance or compel Mary Kenzig to live up to her contract. The real estate man had done all that it was possible for him to do, and it cannot be possible that, after the other parties had gone to the extent they did, a person can escape responsibility on his contract by simply changing his mind after the work has all been done. Of course, had the other party, Mrs. Chafetz, backed out, and Mary Kenzig been ready, able, and willing to perform her contract, she would not be liable for her part of the commission, and that is the reason why the other party would not be liable for a commission in the case as it is. If Cibula had brought an action against the other party, Mrs. Chafetz, for his commission, he would have been met with this original contract, and that party being ready, able and willing to go forward, and Mary Kenzig not going forfard, would afford a complete defense for that party against any commission that Cibula might seek to recover against her.

But that is not the situation with respect to Mrs. Kenzig. For all intents and purposes, this conveyance was made, so far as Cibula was concerned. He had done all that he could do, and the only reason that he did not get his money was that Mrs. Kenzig, after having entered into a binding contract, had refused to go forward; in other words, she made impossible a more complete performance by the real estate man, for, inasmuch as it was beyond his power to order a conveyance by Mary Kenzig, and was not able to make it himself, he was powerless, and, inasmuch as he had done all that he was called upon to do, he had in effect performed his contract fully, and, the only reason the conveyance was not made being because of the wrongful conduct of Mary Kenzig, we do not see why he should not be entitled to recover. The memorandum in the contract of mutual exchange was signed by both parties, and hence by Mary Kenzig, and the amount of Cibula's compensation was clearly set forth, and it was clearly specified who was to pay it.

We think the court was right in refusing to permit the plaintiff to recover on the second cause of action, although that question is not before us, for there was no stipulation in any way that would make Mary Kenzig liable for $300.

Having gone over the entire record, we can come to no other conclusion than that the court below was right. The judgment will therefore be affirmed.

SULLIVAN and LEVINE, JJ, concur.